UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUGH JAMES HOWARD,<br><br>    Plaintiff,<br><br>vs.<br><br>IRWIN JOSEPH, CHERYL JARVI-JONES,<br><br>    Defendant. | Case No: C 09-6020 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiff, Hugh James Howard ("Plaintiff"), filed the instant pro se action on December 23, 2009, along with an application to proceed in forma pauperis ("IFP"). Plaintiff filed an Amended Complaint on December 31, 2009. In accordance with 28 U.S.C. § 1915(e)(2), the Court now reviews the Amended Complaint to ascertain whether Plaintiff has stated any cognizable claims.

I.  **BACKGROUND**

This action arises from a marital dissolution proceeding previously pending in Santa Cruz County Superior Court (Case No. FL 023983) involving Plaintiff and his then wife, Cheryl Jarvi-Jones.[1] (Compl. at 3-4.) For reasons not specified in the Complaint, Superior Court Judge Heather Morse issued an Order to Show Cause ("OSC") directing Plaintiff, who resides in Michigan, to

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted). The Court hereby takes judicial notice that the underlying proceeding involved a marital dissolution proceeding was the subject of an appeal before the California Court of Appeal, which affirmed the rulings of the Santa Cruz County Superior Court. See In re Marriage of Howard, 2009 WL 3067463 (2009). In addition, Plaintiff previously filed an action in this Court against Commissioner Joseph, pursuant to 42 U.S.C. § 1983, based on his rulings in the underlying state court case. Hugh Howard v. Superior Court of Calif., et al., C 07-3858 MHP. Judge Patel dismissed the action on December 12, 2007. Although both this case and the prior district court action arise out of the same core set of facts, Judge Patel declined to relate the instant case.

appear in Court.  (Id.)  Plaintiff claims that he was unable to attend the hearing because he lacked the means to travel to California.  (Id. at 4.)

In connection with the OSC hearing, Jarvi-Jones allegedly submitted a "perjured" Income and Expense Statement to "pad her claim by an additional $1238 per month."  (Id.)  Plaintiff does not indicate the nature of Jarvi-Jones' claim.  Nonetheless, Plaintiff alleges that on October 26, 2006, Commissioner Irwin Joseph, who apparently presided over the OSC hearing, relied on the allegedly fraudulent statement and issued an order attaching Plaintiff's assets.  (Id.)  In turn, Jarvi-Jones utilized the attachment order to levy on Plaintiff's Veterans Administration benefits.  (Id. at 5.)

On December 31, 2009, Plaintiff filed an Amended Complaint against Jarvi-Jones and Commissioner Joseph, whom he is suing in his individual capacity.  Plaintiff alleges that Commissioner Joseph misled him into believing that he was not handling his case, and for that reason, he did not lodge an objection to having a court commissioner, as opposed to a sitting judge, hear his case.  According to Plaintiff, by the time he realized that Commissioner Joseph, and not Judge Morse, was presiding over the OSC, it was "too late" to file an objection.  (Id. at 4.)  As to Jarvi-Jones, Plaintiff accuses her of having submitted perjured documents to the court.  He further alleges that as a result of Jarvi-Jones actions and Commissioner Joseph's ruling, he lost a significant amount of property and incurred substantial attorneys' fees.  Liberally construed, the Complaint appears to allege that Defendants' conduct violated his civil rights, pursuant to 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

### A. COMMISSIONER JOSEPH

Plaintiff seeks to recover damages from Commissioner Joseph based on his conduct in the underlying state court proceeding.  This claim fails on multiple levels.  First, it is duplicative of the claims presented in the prior action before Judge Patel, in which Plaintiff sued Commissioner Joseph, among others, for allegedly violating his civil rights by rendering adverse rulings in the underlying proceeding.  An IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under section 1915.  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

Second, Plaintiff cannot state a claim against Commissioner Joseph because state court judges are absolutely immune from claims for damages based on their handling of judicial proceedings.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (holding that a judge in his individual capacity is absolutely immune from section 1983 damages in even if the action he or she took "was in error, was done maliciously, or was in excess of his authority"); accord Pierson v. Ray, 386 U.S. 547, 553-55 (1967); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).  Judicial immunity is unavailable only where the actions either (1) were not taken in the judge's judicial capacity or (2) the judge's conduct was taken in the complete absence of all jurisdiction.  Harvey, 210 F.3d at 1012 (citing Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).  Where the issue of judicial immunity is involved, "jurisdiction" is construed "broadly."  Id.  "Complete absence of all jurisdiction" in this context means that the judge lacks subject matter jurisdiction.  Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).

Here, the first exception is inapplicable because Plaintiff's claim against Commissioner Joseph is based on his conduct while presiding over the underlying judicial proceeding.  Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995) ("The acts performed by [the] Commissioner . . . were 'judicial acts,' because they were 'functions normally performed by a judge.'").  Likewise, the second exception is inapposite because the allegations do not show a complete absence of jurisdiction.  People v. Am. Contractors Indem. Co., 33 Cal.4th 653, 660 (2004) ("'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or

determine the case, an absence of authority over the subject matter or the parties.'"). Where a judicial officer merely acts in *excess* of his or her jurisdiction, judicial immunity applies. Franceschi, 57 F.3d at 830. Here, Plaintiff asserts that had he known that a commissioner was presiding over his case as a temporary judge, he would have interposed an objection.[2] However, accepting that allegation as true, Plaintiff has, at most, shown that the commissioner acted in *excess* of his jurisdiction, which is insufficient to abrogate the application of judicial immunity. In re Plotkin, 54 Cal.App.3d 1014, 1017 (1976) (commissioner who acted as a temporary judge without the stipulation of the parties acted in excess of his jurisdiction); Franceschi, 57 F.3d at 830.

Finally, to the extent that Plaintiff took exception to any of Commissioner Joseph's rulings, Plaintiff's remedy was to appeal—which he did, albeit unsuccessfully. This Court has no power to review those rulings. Yet, the claims alleged in this action are dependent upon a finding that Commissioner Joseph acted improperly in issuing the attachment order, which Plaintiff alleges resulted in his financial loss. As such, the Court has no power to grant Plaintiff the relief he seeks. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (federal courts cannot consider constitutional claims where the resolution of such claim is intertwined with the propriety of the state court's ruling). Since no amendment can cure the foregoing deficiencies, Plaintiff's claim against Commissioner Joseph is dismissed without leave to amend.

**B.  JARVI-JONES**

A private individual does not act under color of state law, an essential element of a section 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). No liability for constitutional violations may attach to actions undertaken by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Here, the actions attributed to Jarvi-Jones in the pleadings were undertaken as a private citizen. Because she was not under acting under color of state law, Plaintiff cannot state a section 1983 claim against her. Plaintiff's claim also fails on the ground that Jarvi-Jones' conduct

---

[2] Plaintiff cites to Santa Cruz County Superior Court Local Rule 2.7.03, which provides that a party is deemed to stipulate to having an assigned commissioner act as a temporary judge unless any party lodges a timely objection.

was in the course of litigation, and therefore, is privileged.  <u>Franklin v. Terr</u>, 201 F.3d 1098, 1102 (9th Cir. 2000) (witness who submitted allegedly perjured testimony in court proceeding was absolutely immune from civil liability); <u>see also</u> Cal. Civil Code § 47(b).  In addition, Plaintiff's claim against Jarvi-Jones is an impermissible attempt to collaterally attack the underlying state courts' rulings.  <u>See</u> <u>Doe & Assocs. Law Offices</u>, 252 F.3d 1026 at 1030.  No amendment can cure these deficiencies, and therefore, Plaintiff's claims against Jarvi-Jones are dismissed without leave to amend.

**IV.    CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's IFP application is DENIED and the action is DISMISSED.  Because no amendment would cure the deficiencies of the complaint, said dismissal is without leave to amend.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: January 14, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

HUGH JAMES HOWARD,

       Plaintiff,

  v.

IRWIN JOSEPH et al,

       Defendant.
                                      /

Case Number: CV09-06020 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hugh James Howard
17473 Middle Belt Road
Romulus, MI 48174

Dated: January 14, 2010
                                Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk